IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BONNIE PETERSON,

                Plaintiff,

   v.                                             MEMORANDUM AND ORDER

MICHAEL J. ASTRUE,                                    07-C-227-S
Commissioner of Social Security,

                Defendant.
_____

    Plaintiff Bonnie Peterson brings this action pursuant to 42 U.S.C. § 405(g) for review of the defendant Commissioner's final decision denying her Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). She asks the Court to reverse the decision of the Commissioner.

    Plaintiff applied for benefits on September 21, 2004 alleging disability due to back pain which radiated down her legs since June 11, 2004. Her application was denied initially and upon reconsideration. A hearing was held on September 7, 2005 before Administrative Law Judge (ALJ) Peter C. Erickson. In a written decision dated September 29, 2006 the ALJ found plaintiff not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 22, 2007.

FACTS

Plaintiff was born on July 20, 1954. She has a ninth grade education and has worked as a cleaner, dishwasher assembler and machine operator.

In May 2002 plaintiff was diagnosed with a herniated disc. On June 30, 2004 plaintiff was seen by Dr. Thomas C. Rieser, M.D., for back pain. A July 12, 2004 MRI of plaintiff's back indicated two levels of degenerative disc changes. Plaintiff had steroid injections on July 12, 2004, July 26, 2004, August 9, 2004 and September 7, 2004. Because neither the injections or physical therapy had been successful in alleviating plaintiff's pain, Dr. Rieser recommended surgery which was performed on October 12, 2004.

On October 26, 2004 plaintiff reported that she was feeling better than she had felt before the surgery. She was taking Percocet twice a day. Dr. Rieser indicated plaintiff had normal gait and station, full strength and intact sensation. Plaintiff reported to physical therapy on November 3, 2004.

On May 16, 2006 plaintiff reported pain occasionally over the right hip and on the left side. Dr. Rieser concluded that plaintiff had mechanical lower back pain. He placed her on a 10 pound lifting limit and advised that she avoid repetitive bending, lifting or twisting.

On July 15, 2006 Dr. Rieser completed a Residual Functional Capacity Questionnaire for plaintiff. He noted that plaintiff was

limited to a sit/stand option with sitting and standing not more than 30 minutes at a time but that she could sit, stand or walk for 6 hours in an 8 hour work day.  He stated she needed to take up to 1 or 2 unscheduled breaks a day for 5 to 10 minutes.  He limited plaintiff to occasional lifting of 15 pounds and frequent lifting of less than 10 pounds.  He also noted that she was never to climb ladders and could only occasionally twist, stoop (bend), crouch/squat or climb stairs.  Dr. Rieser concluded that plaintiff would likely miss three days of work a month.

On October 25, 2004 Dr. Michael J. Baumblatt of the State Agency limited plaintiff to occasional lifting of 20 pounds, frequent lifting of 10 pounds with standing/walking and sitting limitations of 6 hours of an 8 hour day and limited to occasional stooping.  This opinion was affirmed by State Agency physician Dr. Michael Clausen on April 15, 2005.

At the September 7, 2005 hearing before the ALJ plaintiff appeared with counsel and testified that she performed housework with breaks, walked about a half hour a day, gardened and could sit for one hour without back pain.  She testified that she had lower back pain which radiated in the right leg and took Motrin every day.  She further testified that she could lift ten pounds and that she had not seen a doctor in awhile.

Edward Utities, a vocational expert, was present at the hearing and had reviewed the record.  The ALJ asked the expert

whether an individual with the plaintiff's age, education, work experience and residual functional capacity could perform any jobs in the regional economy advising that plaintiff retained the residual functional capacity to perform a limited range of light work requiring lifting 15 pounds occasionally and less than ten pounds frequently, sitting 6 hours in an 8 hour work day, standing or walking 6 hours in an 8 hour workday with a sit/stand option of 30 minutes intervals, and occasional bending, stooping and twisting.

The vocational expert identified several DOT Occupational Titles that plaintiff could possibly perform including molding machine operator (DOT 556.382-014), bench assembly (DOT 706.684-022, 733.687-010, 733.687-014. 794.687.034) and cashier (211.462.010). Because the DOT titles did not address the sit/stand option the ALJ asked the expert whether an individual limited by a sit/stand option could perform these job titles. The vocational expert testified that based on his professional experience as to how these jobs are performed in the State of Wisconsin such an individual could perform them. He further testified that an individual with plaintiff's residual functional capacity could perform 4,000 light, unskilled bench assembly jobs, 2,000-3,000 cashier jobs and 2,000 machine operator jobs in Wisconsin.

4

In his written decision dated September 29, 2006 the ALJ concluded that plaintiff had the severe impairments of chronic lower back pain and status post lumbar discectomy on October 12, 2004. The ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ found that plaintiff retained the residual functional capacity to perform a limited range of light work requiring lifting 15 pounds occasionally and less than ten pounds frequently, sitting 6 hours in an 8 hour work day, standing or walking 6 hours in an 8 hour workday with a sit/stand option of 30 minutes intervals, and occasional bending, stooping and twisting. The ALJ granted little weight to the 10 pound restriction Dr. Reiser imposed on May 16, 2006 because it was based on temporary complaints of mechanical lower back pain and because Dr. Rieser restricted plaintiff to lifting 15 pounds in July 2006. The ALJ also disregarded Dr. Reiser's opinion that plaintiff would have to be absent from work 2 to 3 days a month and would have to take unscheduled breaks during the day because they were inconsistent with the medical evidence of record and plaintiff's daily activities. After considering plaintiff's daily activities, the fact that she took over the counter pain medications and the medical evidence the ALJ found that plaintiff's subjective allegations of pain and functional limitations were not entirely credible.

After finding that the plaintiff could not perform all the requirements of light work, the ALJ relied on the vocational expert testimony to determine whether jobs existed in the national economy that plaintiff could perform. The expert testified that about 8,000 jobs existed that plaintiff could perform. The ALJ specifically stated that although the DOT did not address the sit/stand option he relied on the professional experience of the vocational expert to determine that these jobs could be performed within the restrictions of plaintiff's residual functional capacity. The ALJ concluded that plaintiff was not disabled because although she could not perform her past relevant work there were jobs in the national economy that plaintiff could perform.

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 1, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since June 11, 2004, the alleged onset date (20CFR 404.1520(b), 404.1571 *et.seq.*, 416.920(b) and 416.971 *et.seq.*).
>
> 3. The claimant has the following severe impairments: chronic lower back pain, and status post lumbar discectomy on October 12, 2004 (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(f), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity for a limited range of light work requiring lifting 15 pounds occasionally, and less than 10 pounds frequently, sitting six hours of an 8 hour workday, being on her feet 6 hours of an 8 hour workday, with time on her feet while standing or walking limited to 30 minutes, or a sit/stand option at intervals of 30 minutes, and bending, stooping and twisting only occasionally.

6. Claimant's subjective allegations of pain and functional limitations are not entirely credible for the reasons discussed above. *See* Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), Social Security Rulings 06-3p & 96-7p, and 20 C.F.R. §§ 404.1529 and 416.929.

7. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born on July 20, 21954 and is a 52 year old individual, which is defined as an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

9. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

12. The claimant was not under a "disability," as defined in the Social Security Act, from June 11, 2004 through the date of this decision (20 CFR 404.1520(f) and 416.920(g).

OPINION

This Court must determine whether the decision of the Commissioner that plaintiff was not disabled is based on substantial evidence pursuant to 42 U.S.C. § 405(g). See Arbogast v. Bowen, 860 F. 2d 1400, 1402-1403 (7th Cir. 1988). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Disability determinations are made pursuant to a five-step sequential evaluation procedure. 20 CFR § 404.1520(a)-(f). First, the claimant must not be performing substantial gainful activity. Second, the claimant must have a severe, medically determinable impairment. Third, a claimant will be found disabled if his or her impairment is equal in severity to a listed impairment in 20 C.F.R. Subpart P, Appendix 1. Fourth, if the claimant does not meet the third test, he/she must not be able to perform his/her past work. Fifth, if the claimant cannot perform his/her past work, he or she must not be able to perform any existing jobs available in the national economy given his or her educational background, vocational history and residual functional capacity.

In his written decision dated September 29, 2006 the ALJ concluded that plaintiff had the severe impairments of chronic lower back pain and status post lumbar discectomy on October 12, 2004. The ALJ concluded that plaintiff did not have an impairment

or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. He then found that plaintiff retained the residual functional capacity to perform a limited range of light work requiring lifting 15 pounds occasionally and less than ten pounds frequently, sitting 6 hours in an 8 hour work day, standing or walking 6 hours in an 8 hour workday with a sit/stand option of 30 minutes intervals, and occasional bending, stooping and twisting.  The ALJ concluded that plaintiff was not disabled because there were jobs existing in significant numbers in the national economy that plaintiff could perform.

Plaintiff argues that the ALJ improperly rejected parts of Dr. Rieser's opinion.  In order to be entitled to controlling weight, a medical opinion must be rendered by a treating source, be well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  See 20 C.F.R. §404.1527(d)(2), Social Security Ruling 96-2p.  Failure to provide good reasons for discrediting a doctor's opinion is alone grounds for remand. Clifford v. Apfel, 227 F.864, 870 (7th Cir. 2000).  The ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir. 1992).

The ALJ accepted Dr. Rieser's opinion concerning plaintiff's lifting, sitting, standing and postural limitations. In discounting Dr. Rieser's opinion that plaintiff would need unscheduled breaks and be absent from work two to three days a month the ALJ specifically considered the normal clinical findings in October 2004 after her surgery, her daily activities and her use of only over-the-counter medication to control her pain. The ALJ discounted Dr. Rieser's May 2006 opinion that plaintiff could lift only ten pounds because it was based on her temporary complaints and because by July 2006 Dr. Rieser found plaintiff could lift fifteen pounds. These are good reasons for discounting the opinion of Dr. Rieser concerning necessary breaks and absences and his May 2006 opinion that plaintiff could only lift ten pounds. The ALJ properly discounted these portions of Dr. Rieser's opinion.

Plaintiff claims that the ALJ's credibility determination was erroneous. The ALJ's credibility decision must be upheld unless it is "patently wrong." Powers v. Apfel, 207 F.3d 421, 435 (7th Cir. 2000). Social Security Ruling 96-7p requires the ALJ to consider the claimant's daily activities, the duration, frequency and intensity of the pain, precipitating and aggravating factors, the dosage, effectiveness and side effects of the medication and functional restrictions. 20 C.F.R. 404.1529(c).

The Court considered plaintiff's daily activities, the fact that she needed only over-the-counter medication for her pain and

her treatment course to determine that her allegations of pain and functional limitations were not entirely credible. Based on the record the Court cannot find that the ALJ's credibility finding is patently wrong.

Plaintiff argues that the ALJ erred in not finding that plaintiff was disabled under the Grid (20 C.F.R., pt. 404, subpt. P, App.2. She argues that if her residual functional capacity was considered sedentary she would have been disabled under the Grid.

Social Security Ruling 83-12 provides that the Grid is not applicable where an individual can do a little more or less than the exertion specified for one of the levels: sedentary, light or medium. The regulation provides that vocational expert assistance can be used in these cases to determine whether an individual is disabled.

In this case plaintiff has the residual functional capacity to perform the standing and walking requirements of light work. She was also able to sit for six hours in an eight hour work day. Plaintiff's maximum lifting and carrying ability of 15 pounds was exactly between the maximums for light work (twenty pounds) and for sedentary work (ten pounds) and her capacity for frequent lifting and carrying (less than ten pounds) was just under the capacity for frequent lifting for light work. Plaintiff's residual functional capacity fell between the light and sedentary exertional levels but was closer to the light exertional level. According to SSR 83-12

the ALJ properly used vocational expert testimony rather than the Grid to determine whether she was disabled.

Plaintiff claims that the ALJ failed to ask the vocational expert if his testimony was consistent with the Dictionary of Occupational Titles and did not resolve inconsistencies identified by the vocational expert. She also claims that the ALJ should not have relied on the testimony of the vocational expert because this expert opinion would not be admissible in federal courts.

In Prochaska v. Barnhart, 454 F.3d 731, 735-736 (7th Cir. 2006), the Court held that the ALJ had an affirmative duty to inquire about conflicts between the vocational expert testimony and the Dictionary of Occupational Titles (DOT) pursuant to SSR 00-4p. The ALJ asked the vocational expert about conflicts between his testimony and the DOT. Specifically he asked him concerning the absence of the sit/stand option in the DOT. The expert testified that based on his experience an individual limited by a sit/stand option could perform the DOT job titles he cited. The ALJ complied with SSR 00-4p.

In his decision the ALJ resolved the conflict between the Occupational Title Definitions and the vocational expert testimony. He specifically stated that although the DOT did not address the sit/stand option he relied on the professional experience of the vocational expert to determine that these jobs could be performed within the restrictions of plaintiff's residual functional

capacity. Accordingly the ALJ properly resolved any inconsistencies between the DOT and the vocational expert testimony.

Plaintiff argues that the ALJ improperly relied on the vocational expert's testimony because the expert's conclusions were without foundation. At the hearing plaintiff's counsel did not object to the vocational expert's qualifications nor cross-examine him concerning his professional experience. The ALJ properly relied on the expert's testimony because his conclusions were based on his qualifications and experience. The vocational expert's testimony provided substantial evidence to support the ALJ's decision. See 20C.F.R. §§ 404.1566(e), 416.966(e).

There is substantial evidence to support the Commissioner's finding that the plaintiff was not disabled because he could perform jobs existing in the national economy. Accordingly, the Commissioner's decision will be affirmed.

ORDER

IT IS ORDERED that plaintiff's motion to reverse the decision of the Commissioner is DENIED.

IT IS FURTHER ORDERED that the decision of the defendant Commissioner denying plaintiff Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) is AFFIRMED.

Entered this 31st day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge